■ EDITH TOBIASON et al., Plaintiffs, v. KING KULLEN GROCERY COMPANY, INC., Defendant and Third-Party Plaintiff-Respondent. HOME INDEMNITY COMPANY, Third-Party Defendant-Appellant.— In a negligence action to recover damages for personal injuries, etc., the third-party defendant, Home Indemnity Company, appeals, (1) as limited by its brief, from so much of an order of the Supreme Court, Nassau County, dated October 18, 1972, as granted the branch of a motion by the third-party plaintiff, King Kullen Grocery Company, Inc., which was for leave to enter a default judgment against Home Indemnity on the ground that the latter's answer to the third-party complaint was untimely served and (2) from a further order of the same court, dated November 27, 1972, which denied Home Indemnity's motion, upon new papers, for renewal of said motion for leave to enter a default judgment. Order dated October 18, 1972 reversed insofar as appealed from and order dated November 27, 1972 reversed, without costs; said motion by Home Indemnity Company granted; said motion by King Kullen Grocery Company, Inc. denied; and the answer of Home Indemnity Company to the third-party complaint is deemed to have been served with leave of the court. According to plaintiffs' complaint, on July 10, 1969 plaintiff Edith Tobiason suffered personal injuries as a result of King Kullen's negligence, in that the latter so carelessly placed jars of syrup on a shelf in its store that the jars fell on Mrs. Tobiason. Issue was joined by the service of King Kullen's answer on December 28, 1971. On January 28, 1972 King Kullen served the third-party complaint, in which it alleged that the jars had been manufactured and sold by Home Indemnity's insured, H. Fox & Co.; that Home Indemnity's policy of liability insurance to Fox also provided insurance for King Kullen; that the policy was in force when Mrs. Tobiason allegedly was injured; that Home Indemnity therefore was obliged to indemnify King Kullen for any judgment which might be recovered against King Kullen and also to defend King Kullen on the main action. On September 19, 1972 Home Indemnity served its answer to the third-party complaint wherein, *inter alia*, it denied having any such obligation. Home Indemnity contends that its failure to timely serve its answer was because of difficulty in locating a copy of the policy and that defendant's own liability insurance carrier, Liberty Mutual Insurance Company, had been so notified. The record shows a dispute between Liberty Mutual and Home Indemnity as to whether the policy which the latter issued to Fox might also contain liability coverage for King Kullen. In our opinion, that dispute appropriately should be determined if and when plaintiffs recover a judgment against King Kullen or plaintiffs' claims are settled. Since there has been no prejudice resultant from Home Indemnity's late service of its answer, it would be unjust, under the circumstances of this case, to permit determination of that dispute to stand on Home Indemnity's above-mentioned default. Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.